UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

           -against-

DANIEL MONARCHI,

                       Defendant.
-------------------------------------------------------------X

**DECISION AND ORDER**

25 MJ 2616

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       On December 8, 2025, counsel for Defendant Daniel Monarchi filed a letter motion seeking to reopen Defendant's detention hearing pursuant to 18 U.S.C. § 3142(f).  ECF No. 17.  The Government filed a response, which opposed the reopening of the hearing.  ECF No. 21.  For the reasons set forth below, Defendant's motion to reopen the detention hearing is DENIED.

## BACKGROUND

       Defendant was arrested on August 22, 2025, having been charged by complaint with one count of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e).  *See* ECF No. 2.  At the time of Defendant's initial presentment, this Court conducted a detention hearing and determined that the Government had demonstrated that there was no condition or combination of conditions that would reasonably assure Defendant's appearance in court as required and the safety of the community were the Defendant to be released pending trial.  *See* 18 U.S.C. § 3142(f).

       At no point has Defendant sought review of this Court's detention determination pursuant to 18 U.S.C. § 3145(b).  Instead, Defendant now contends that there are "two forms of new and material information" that warrant a reopening of the detention hearing so that this Court may reconsider its prior decision.  ECF No. 17 at 3.  Specifically, Defendant asserts that "the weight

of the evidence has changed in a material way . . . that bears on the safety of the community" because "the government apparently has not located evidence corroborating its proffered claims at the August 22, 2025 detention hearing that 'there are other victims beyond those that are referenced in the Complaint.'" *Id.* (quoting Tr. at 19-20).[1] In addition, Defendant "presents the Court with a more substantial bail package to secure his release, including conditions requiring a half-million dollar bond that is fully secured by real property belonging to his family and the signatures of five financially responsible adults." *Id.* (emphases omitted). In opposing Defendant's motion, the Government argues that Defendant "fails to set forth new material information not known to him at the time of the detention hearing, and thus fails to meet the standard to reopen" the hearing. ECF No. 21 at 1.

## DISCUSSION

The Bail Reform Act provides that the judicial officer who conducted the detention hearing may reopen the hearing

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2); *see United States v. Zhang*, 55 F.4th 141, 147 (2d Cir. 2022) ("a court has discretion to reopen a bail hearing if information comes to light that is both new and material to the detention question"). "A court's prior detention determination is a natural reference point against which to measure the materiality of new information for the purpose of reopening the hearing—that is, revisiting its earlier decision." *Zhang,* 55 F.4th at 148. For purposes of

---

[1] Citations to "Tr." refer to the transcript of the August 22, 2025 presentment and detention hearing, which is available at ECF No. 12.

considering whether to reopen a detention hearing, "new and material information . . . consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Rodriguez*, No. 15-mj-2956, 2015 WL 6503861, at *1 (S.D.N.Y. Oct. 26, 2015) (cleaned up).

Having reviewed the parties' submissions, as well as the transcript of the August 22, 2025 detention hearing, the Court concludes Defendant has not come forward with the necessary new and material information to warrant reopening the detention hearing.

First, Defendant accurately highlights the fact that the Court relied in part on the Government's proffer at the detention hearing regarding "multiple other victims"—beyond the individuals referred to as Victim-1, Victim-2, and Victim-3 in the Complaint—as part of its detention decision. *See* Tr. at 36-37, 39-40. Defense counsel then explains that in multiple phone calls over a period of months, he made efforts to learn more about whether the Government had in fact developed further evidence of additional victims to substantiate the proffer that it had made to the Court at the detention hearing. *See* ECF No. 17 at 4-5. In sum and substance, according to defense counsel, the Government's only response was that its investigation was ongoing. *Id.* From this, defense counsel concluded that the Government had not been able to "locate or obtain evidence corroborating that there are 'multiple other victims' of exploitation as it claimed at the detention hearing," and that this lack of additional victim evidence is a new and material factual development. *Id.* at 5. But the Government's response makes clear that while the Government's investigation has evolved since the August 22, 2025 detention hearing, it has not evolved in a way that is helpful to Defendant's position regarding pretrial release. The Government explained that one of the additional potential victims

3

referenced at the hearing is reluctant to participate in the investigation, one has not yet been identified, and one did not engage in sexually explicit conversations with Defendant. *See* ECF No. 21 at 8. But the Government's ongoing investigation has identified another potential minor victim who sent Defendant child sexual abuse material, and revealed evidence that Defendant exchanged thousands of messages during a one-year period on an online messaging platform that at least suggest that Defendant may have been engaging in repeated instances of the types of communications and conduct that gave rise to the criminal charges against him. *See id.* at 8-9. Accordingly, even if there is "new" information regarding the particular additional victims referenced by the Government during the detention hearing, that information would not be material to the Court's detention decision given that the Government has proffered that there is still more information about *different* additional victims that reinforces, and perhaps even strengthens, the Court's prior conclusion as to this being a factor that supports pretrial detention.

Second, Defendant's more robust proposal regarding a fully secured bond and additional sureties is, at least in part, information that was "known to the movant at the time of the hearing"; and in any event, the Court does not find this information to be material for purposes of reopening the detention hearing. At the August 22, 2025 detention hearing, Defendant's attorney at the time proposed a bail package that included release on a $250,000 unsecured bond co-signed by Defendant's parents. *See* Tr. at 25. This suggested, at a minimum, that counsel had spoken with Defendant's parents regarding their willingness to support their son in this way; indeed, counsel noted that Defendant's parents were present in court for the hearing, *see id.*, making it all the more likely that she would have had time to consult with them about key facts regarding the bail application. Yet current defense counsel asserts that it is his understanding—based on what, it is not clear—that prior counsel "did not have an opportunity to speak with

[Defendant's] parents about their ownership of real property, the value of property they owned, the existence of any mortgages, or the use of that property to secure the bond," ECF No. 17 at 6, and therefore that Defendant's current proposal of a $500,000 bond fully secured by property long owned by Defendant's mother constitutes new information for purposes of the application to reopen the hearing. Frankly, it is difficult to believe that any conversation between Defendant's experienced original counsel and Defendant's parents on the day of Defendant's arrest, in the lead up to the detention hearing, would not have included discussion of whether there was any property or other financial resource that could be offered in support of a bail application. For whatever reason, that property was not offered at the time of the original hearing, but the Court cannot conclude that the existence of the property is information that was not known to the movant at the time of the original hearing.[2] *See United States v. Singh*, No. 25-MJ-135, 2025 WL 1381524, at *2 (S.D.N.Y. May 13, 2025) (declining to reopen detention hearing based on information that defendant's family was willing to post a more substantial bond to secure his release.). In any event, the Court's original detention determination was not predicated in any way on a finding that the proposed bond amount or the number of sureties was inadequate. Rather, the Court expressed concerns about Defendants motive and means to flee, and the underlying facts supporting those conclusions remain unchanged. Finally, even to the extent that the secured bail proposal offered by Defendant in his motion—which could potentially inflict serious financial harm on his mother were he to fail to appear in court as

---

[2] The Court acknowledges that the larger number of sureties proposed here—five, instead of two—is a new piece of information that likely was not known to then-defense counsel at the August 22, 2025 detention hearing. But the more critical components of the new bail package are the larger dollar amount and the offer to secure that with the property—information that could have been presented at the original hearing. Moreover, for the reasons that follow, the revised bail proposal still would not be material to the Court's overall detention analysis.

required—were sufficient to mitigate the Court's concerns regarding non-appearance, the proposal would not be material to the Court's determination regarding the danger to the community that would be posed by Defendant's pretrial release. Accordingly, taken as a whole, Defendant's revised bail proposal is neither new nor material for purposes of reopening the detention hearing.

For all of these reasons, Defendant's motion to reopen the detention hearing is DENIED.

Much of the defense submission is devoted to detailed arguments that either were raised or could have been raised at the August 22, 2025 detention hearing. Of course, Defendant may raise those and any other appropriate arguments should he seek review of this Court's detention order pursuant to 18 U.S.C. § 3145(b).

The Clerk of Court is respectfully directed to mark the motion at ECF No. 17 and DENIED and to terminate the gavel associated with that motion.

Dated: December 23, 2025
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge